UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on November 13, 2020

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | |
| | : | VIOLATIONS: |
| VINCENT CHERRY, | : | 21 U.S.C. § 846 |
| | : | (Conspiracy to Possess with Intent |
| Defendant. | : | to Distribute 40 Grams or |
| | : | More of Fentanyl, a Mixture and |
| | : | Substance Containing a Detectable |
| | : | Amount of Cocaine, and a Mixture and |
| | : | Substance Containing a Detectable |
| | : | Amount of Marijuana) |
| | : | |
| | : | FORFEITURE: |
| | : | 21 U.S.C. § 853(a) and (p) |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

During February 2021, the exact date being unknown to the Grand Jury, within the District of Columbia and elsewhere, defendant, **VINCENT CHERRY**, did knowingly and willfully combine, conspire, confederate and agree together, with other persons both known and unknown to the Grand Jury, to unlawfully, knowingly, and intentionally possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II narcotic drug controlled substance, a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, and a mixture and substance containing

1

a detectable amount of Marijuana, a Schedule I narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(vi); 841 (b)(1)(C); 841 (b)(1)(D).

**(Conspiracy to Possess with Intent to Distribute 40 Grams or More of Fentanyl, a Mixture and Substance Containing a Detectable Amount of Cocaine, and a Mixture and Substance Containing a Detectable Amount of Marijuana,** in violation of Title 21, United States Code, Section 846)

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One of this Indictment, the defendant shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations. The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the offense.

2. If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, pursuant to Title 21, United States Code, Section 853(a) and (p))

A TRUE BILL:

FOREPERSON.

*Channing D. Phillips /*
Attorney of the United States in
and for the District of Columbia.